**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION**

DESSALINES SEALY,  Case No. 1:21-cv-651

    Plaintiff,

    vs.  Hopkins, J.
Bowman, M.J.

MICHAEL BARRETT,
EBUNOLUWA TAIWO,
RICHARD NAGAL,

    Defendants.

**REPORT AND RECOMMENDATION**

Plaintiff, a resident of New York, brings this action against Judge Michael Barrett, Assistant United States Attorney Ebunoluwa Taiwo, and Clerk of Court Richard Nagel. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. This matter is before the Court for a *sua sponte* review of plaintiff's complaint to determine whether the complaint, or any portion of it, should be dismissed it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915(e)(2)(B).

In enacting the original *in forma pauperis* statute, Congress recognized that a "litigant whose filing fees and court costs are assumed by the public, unlike a paying litigant, lacks an economic incentive to refrain from filing frivolous, malicious, or repetitive lawsuits." *Denton v. Hernandez,* 504 U.S. 25, 31 (1992) (quoting *Neitzke v. Williams,* 490 U.S. 319, 324 (1989)). To prevent such abusive litigation, Congress has authorized federal courts to dismiss an *in forma pauperis* complaint if they are satisfied that the action

1

is frivolous or malicious. *Id.*; *see also* 28 U.S.C. § 1915(e)(2)(B)(i). A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327. An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton,* 504 U.S. at 32; *Lawler,* 898 F.2d at 1199. The Court need not accept as true factual allegations that are fantastic or delusional in reviewing a complaint for frivolousness. *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010) (quoting *Neitzke*, 490 U.S. at 328).

Congress also has authorized the *sua sponte* dismissal of complaints that fail to state a claim upon which relief may be granted. 28 U.S.C. § 1915 (e)(2)(B)(ii). A complaint filed by a *pro se* plaintiff must be "liberally construed" and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble,* 429 U.S. 97, 106 (1976)). By the same token, however, the complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)); *see also Hill*, 630 F.3d at 470-71 ("dismissal standard articulated in *Iqbal* and *Twombly* governs dismissals for failure to state a claim" under §§ 1915A(b)(1) and 1915(e)(2)(B)(ii)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct

2

alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). The Court must accept all well-pleaded factual allegations as true, but need not "accept as true a legal conclusion couched as a factual allegation." *Twombly*, 550 U.S. at 555 (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). Although a complaint need not contain "detailed factual allegations," it must provide "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). A pleading that offers "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. Nor does a complaint suffice if it tenders "naked assertion[s]" devoid of "further factual enhancement." *Id.* at 557. The complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (citations omitted).

Here, Plaintiff's complaint purports to bring claims pursuant to 28 U.S.C. § 1333., which provides that:

> The district courts shall have original jurisdiction, exclusive of the courts of the States, of:
>
> > (1) Any civil case of admiralty or maritime jurisdiction, saving to suitors in all cases all other remedies to which they are otherwise entitled.
> >
> > (2) Any prize brought into the United States and all proceedings for the condemnation of property taken as prize.

28 U.S.C. § 1333.

Plaintiff asserts that "all three defendants are that they disregarded my private property rights. Each defendant acquiesced to written constructive trust that they did not rebut." (Doc. 1 at 2). Plaintiff claims, *inter alia*, that he tendered payment in case 1:19-cr-

3

00024-MRB, *United States v. Seal.*[1] and he appointed Judge Barrett and AUSA Taiwo as Trustees in a separate implied agreement. He further alleges that they "failed to perform their duties to me making me the beneficiary of case 1:19-cr-00024-MRB." Id. Upon careful review, the undersigned finds that Plaintiff's complaint fails to state a claim upon which relief may be granted in this federal court. Notably, Plaintiff's complaint fails to contain sufficient factual allegations to state a claim under 28 U.S.C. 1333 as outlined above.

Alternatively, Plaintiff's complaint should also be dismissed for failure to state a claim because the Defendants are a Federal District Judge, an Assistant United States Attorney and a Clerk of Courts. In their respective roles, all three Defendants are entitled to absolute immunity. For example, Defendant Judge Barrett is afforded absolute immunity from liability for actions taken while functioning within his judicial capacity. "Like other forms of official immunity, judicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Mireles v. Waco*, 502 U.S. 9, 11 (1991); Barrett v. Harrington, 130 F3d 246, 255 (6th Cir. 1997). Judges retain absolute immunity from liability even if they act maliciously or corruptly, as long as they are performing judicial acts and have jurisdiction over the subject matter giving rise to the suit against them. *Stump v. Sparkman*, 435 U.S. 349, 356-57 (1978); see also *Brookings v. Clunk*, 389 F.3d 614, 617 (6th Cir. 2004); *Stern v. Mascio*, 262 F. 3d 600, 607 (6th Cir. 2001).

"[J]ust as judges have immunity from suit under 42 U.S.C. § 1983 for any actions taken in a judicial capacity, prosecutors have immunity for acts taken in their capacity as prosecutors." *Arega v. DeWine*, 2015 WL 3755954 at *2 (citing *Stump*, 435 U.S. 349 and

---

[1] Plaintiff was a defendant in criminal case 1:19-cr-24, United States v. Sealy. On December 1, 2022, Plaintiff was found guilty of conspiracy to commit mail fraud and wire fraud and conspiracy to commit bankruptcy fraud.

4

*Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)). Therefore, defendant Taiwo has immunity for acts taken in her capacity as a prosecutor. Id. (and cases cited therein); see also *Manetta v. Macomb County Enforcement Team*, 141 F.3d 270, 274 (6th Cir. 1998) (quoting Imbler, 424 U.S. at 430). Just like judicial immunity, "[a]bsolute prosecutorial immunity is not defeated by a showing that a prosecutor acted wrongfully or even maliciously." See *Lomaz v. Hennosy,* 151 F.3d 493, 498 n. 7 (6th Cir. 1998) (internal quotation marks and citation omitted).

Plaintiff's claims asserted against Richard Nagel, Clerk of Courts are subject to dismissal because the Clerk of Courts is entitled to quasi-judicial immunity. Immunity afforded to judges "has also been extended to non-judicial officers performing 'quasi-judicial' duties." *Marshall v. Green*, 2010 WL 1959514, * 2 (W.D. Ky May 17, 2010) (citing *Bush v. Rauch*, 38 F.3d 842, 847 (6th Cir. 1994)); see also *Teats v. Johnson*, 2012 WL 4481436, * (M.D. Tenn. Aug. 20, 2012), ("In the Sixth Circuit, 'it is well established that judges and other court officers enjoy absolute immunity from suit on claims arising out of the performance of judicial or quasi-judicial functions.'") (quoting *Foster v. Walsh*, 864 F.2d 416, 417 (6th Cir. 1988)), report and recommendation adopted, 2012 WL 4471257 (M.D. Tenn. Sept. 26, 2012). Thus, "court officers such as clerks of court" have been found to be entitled to absolute immunity. *Howard v. Ohio State Supreme Court*, 2014 WL 3670996, * 4 (S.D. Ohio July 23, 2014) (citing *Foster*, 864 F.2d at 417), report and recommendation adopted, 2014 WL 5460572 (S.D. Ohio Oct. 27, 2014). As such, Defendant Nagel is entitled to quasi-judicial immunity from Plaintiff's allegations.

For these reasons, it is therefore **RECOMMENDED** this action be **DISMISSED** with **PREJUDICE** for failure to state a claim for relief. It is further **RECOMMENDED** that

the Court certify pursuant to 28 U.S.C. § 1915(a) that for the foregoing reasons an appeal of any Order adopting this Report and Recommendation would not be taken in good faith and therefore deny Plaintiff leave to appeal *in forma pauperis*.

       *s/ Stephanie K. Bowman*
       Stephanie K. Bowman
       United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

GILBERT PARKER,

    Plaintiff,

vs.

DEPARTMENT OF JUSTICE

    Defendant.

Case No. 1:21-cv-721

Black, J.
Bowman, M.J.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report & Recommendation ("R&R") within **FOURTEEN (14) DAYS** after being served with a copy thereof. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).